MacWILLIAM v. CONNECTICUT WEB CO. et al.

(Circuit Court, S. D. New York. December 4, 1903.)

1. PATENTS—INFRINGEMENT—SUSPENDERS.
   The MacWilliam patent, No. 668,261, for an improvement in suspenders, construed, and *held* not anticipated, valid, and infringed as to claims 2 and 7.

In Equity. Suit for infringement of letters patent No. 668,261, for improvements in suspenders, granted to Hugh G. MacWilliam February 19, 1901. On final hearing.

Arthur P. Lothrop and Walter D. Edmonds, for plaintiff.
Herbert Knight, for defendants.

WHEELER, District Judge. This suit is brought upon patent No. 668,261, dated February 19, 1901, and granted to the plaintiff for an improvement in the back part of men's suspenders, consisting of an endless cord, doubled and clasped for buttonholes, and running freely on each side through loops on the shoulder-straps and through guide-loops on a center-piece of cord between the buttonholes, and between each buttonhole and the shoulder-straps, and between the shoulder-straps, making a central connection in the back, flexible, and readily conformable to the movements of the wearer.

The patent has sixteen claims. Those in controversy are:

"(2) A pair of suspenders comprising shoulder-straps, an endless cord suitably connected with the rear ends of the shoulder-straps and adapted to be detachably connected with the rear portion of the trousers, and a central cord or cords connected at different points with said endless cord, and constituting flexible connection between the adjacent points of engagement therewith."

"(7) In a pair of suspenders, in combination with the shoulder-straps, an independent connecting device, consisting of a flexible circular or elliptical cord and guides carried thereby, and an endless cord or strap having sliding engagement with all said guides and with the rear ends of the shoulder-straps, and adapted to be detachably secured to the rear portion of the trousers, said connecting device having no fixed connection with any part of said suspenders."

The defenses are anticipation and noninfringement. The nearest anticipation is patent No. 625,997, dated May 30, 1899, and granted to Byron J. Balliett, for an improvement in suspenders, which is like this except that the endless cord runs through guide-loops on a square and rigid center-piece of the size of the loops, instead of on the larger center-piece of cord; and the carrying parts of the cord are drawn nearer together and have less flexibility and adaptation. The infringement has the endless cord running through guide-loops, flexibly attached by cords to a square center. A disadvantage of the Balliett device was running the carrying parts of the endless cord so close together through the smaller and rigid central connection as not to

give adaptability. The plaintiff improved this by the larger center of flexible cord. It makes no mechanical difference whether the guide-loops are flexibly held toward the center by the circular central cord or by flexible central connections. The patent in suit has the former, and the infringement the latter. The infringement looks more like the Balliett device, but operates more like the plaintiff's device. It has the plaintiff's flexible central parts in a different form, and accomplishes the same result in substantially the same way. The defendants seem to have appropriated the plaintiff's patented invention in this manner.

Decree for the plaintiff.